OPINION
{¶ 1} Ernest G. McElroy appeals from the judgment of the Lake County Court of Common Pleas, which convicted him on one count of theft. We affirm.
 {¶ 2} In October 2003, appellant was employed by Mars Employment, a staffing agency. McElroy was assigned to work for E-Command installing network cable at the Pine Ridge Apartment Complex. On October 13, 2003, appellant was working at the complex with Donald Russell.
 {¶ 3} Russell testified that while he and appellant were working in one of the apartments, appellant removed money from a purse and showed it to Russell. Russell told appellant he should put the money back. Appellant instead put the money in his pocket and left the apartment. Russell, expecting appellant to return, finished his work in the apartment and then went to his supervisor, Kelly Lewis, and reported the incident to him. Lewis and Russell then went to their boss, Daniel Donofrio and reported the incident to him. Donofrio contacted the building manager, who in turn, attempted to contact the tenant, Melissa Marconi. After they were unable to contact Marconi, Donofrio left a note on her door asking her to contact him.
 {¶ 4} Donofrio testified that appellant came to him the morning of October 13, 2003 and asked to leave work because of a family emergency. Donofrio told appellant he could leave.
 {¶ 5} When Marconi returned to her apartment that evening she discovered the note and that $2,000 was missing from her purse. She reported this to the police, who conducted an investigation.
 {¶ 6} Officer Vitale of the Willoughby Hills Police Department attempted to contact appellant about the incident but was unable to reach him. Officer Vitale left a message asking appellant to return his call. Officer Vitale testified he finally contacted appellant after appellant was picked up on a warrant in March 2004. During his interview with Officer Vitale, appellant denied stealing the money. Appellant told Officer Vitale that Donofrio had approached him on October 13, 2003 and told him he needed to call home because of a family emergency.
 {¶ 7} At trial, appellant testified he was called by his family from Georgia on Sunday, October 12, 2003, and told his step-father was in the hospital. Appellant claimed he went to work on October 13, 2003 but was distracted because he was worried about his family, so he asked Donofrio if he could go home.
 {¶ 8} Appellant testified his family in Georgia purchased a Greyhound bus ticket for him and that he left for Georgia on October 14, 2003 and returned on October 17, 2003. Appellant testified that when he returned from Georgia he received a message to call Officer Vitale, which he did. (Officer Vitale had no recollection of this conversation.) Appellant said Officer Vitale told appellant to come to the police station and turn himself in, as there was a warrant for his arrest. Appellant testified he mistakenly went to the Willoughby Police Department (rather than the Willoughby Hills Police Department) and was told there was no warrant for his arrest.
 {¶ 9} Appellant also testified he called his boss at the staffing agency, Marilyn Sims, upon his return from Georgia, to see about returning to work. Appellant testified Sims told him everyone had been fired because money had been stolen from one of the apartments. Sims denied having this conversation and instead testified the first contact she had with appellant was on October 24, 2003 when appellant called to inquire about his paycheck.
 {¶ 10} Appellant was subsequently indicted on one count of theft, R.C. 2913.02(A)(1). The matter proceeded to jury trial and appellant was found guilty. The trial court sentenced appellant to two years of community control and ordered him to pay restitution. Appellant filed a timely appeal from the trial court's judgment, assigning one error for our review:
 {¶ 11} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 13} Under his assignment of error, appellant claims evidence presented by the state relating to the Greyhound bus ticket allegedly purchased for appellant was unreliable and that Russell, the state's eye witness, had opportunity to steal the money and blame appellant. We find these arguments unpersuasive.
 {¶ 14} We have reviewed the record, weighed the evidence and reasonable inferences, and considered the credibility of the witnesses. Having done so, we cannot say the jury clearly lost its way or created a manifest miscarriage of justice. Russell consistently testified appellant took the money. Appellant's recollection of the day's events was inconsistent. He told Officer Vitale one version of the events and told the jury another. While appellant consistently denied taking the money, we cannot say the jury's verdict is against the manifest weight of the evidence.
 {¶ 15} For the foregoing reasons, appellant's sole assignment of error is without merit, and the judgment of the Lake County Court of Common Pleas is affirmed.
Grendell, J., O'Toole, J., concur.